## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT DELAWARE

GUY A.E. WILMOT, a/k/a GUY WILMOT     :
    :
              Plaintiff,     :
    :
v.     :
  : Civil Action No. 15-618-RGA
    :
MARRIOTT HURGHADA MANAGEMENT,     :
INC., a Delaware Corp., and MARRIOTT     :
INTERNATIONAL, INC., a Delaware Corp.     :
    :
    :
              Defendants.     :
    :

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS MARRIOTT HURGHADA MANAGEMENT, INC. AND MARRIOTT INTERNATIONAL, INC.

Dated:  September 16, 2015

COZEN O'CONNOR

Joseph J. Bellew (#4816)
1201 North Market Street
Suite 1001
Wilmington, DE 19801
302-295-2025
jbellew@cozen.com

# **TABLE OF CONTENTS**

**Page**

I.    NATURE AND STAGE OF PROCEEDINGS ........................................................ 1

II.   SUMMARY OF ARGUMENT ............................................................................. 1

III.  CONCISE STATEMENT OF FACTS ................................................................. 2

IV.  ARGUMENT ....................................................................................................... 3

   A.   There is an Adequate Alternative Forum ................................................... 4

   B.   Plaintiff's Choice of Forum is Entitled to Little Deference ........................ 6

   C.   The Private and Public Factors Heavily Weigh in Favor of Dismissing
       This Action in Favor of Egypt ................................................................... 7

      1.   Private Interest Factors Favor Dismissal ....................................... 7

          a.   Ease of Access to Sources of Proof are in Egypt ............... 7

          b.   Compulsory Process for Attendance of Unwilling, and the Cost of
              Obtaining Attendance of Willing, Witnesses ...................... 9

          c.   The Premises is Located in Egypt ...................................... 10

          d.   Practical Problems That Make Trial Easy, Expeditious, and Inexpensive ............... 10

      2.   Public Interest Factors Favor Dismissal ....................................... 11

          a.   Administrative Difficulties from Court Congestion ............ 12

          b.   Local Interest in Having Localized Controversies Decided at Home ....... 12

          c.   Foreign Law May Be Applied ............................................ 13

          d.   Litigating in Delaware Would Be Unfair to its Citizens ............ 14

V.   CONCLUSION .................................................................................................. 15

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bell Helicopter v. Textron, Inc. v. Artega,*
  113 A.3d 1045, 1053 (Del. 2015) ......................................................................... 13

*Brunswick GmbH v. Bowling Switzerland, Inc.,*
  No. 07-471 JJF, 2008 WL 2795936 (D. Del. July 18, 2008) ................................... 4

*Colantonio v. Hilton Int'l Co.,*
  No. 03-1833, 2004 WL 1810291 (E.D. Pa. Aug. 13, 2004) .............................. 4, 11

*Doe v. Ritz Carlton Hotel Co., LLC,*
  No. 14-4423, 2015 WL 221106 (E.D. Pa. Jan. 14, 2015) ....................................... 4

*Kisano Trade & Invest. Ltd. V. Lemster,*
  737 F.3d 869 (3d Cir. 2013) .................................................................................... 6

*Lacey v. Cessna Aircraft Co.,*
  932 F.2d 170 (3d Cir. 1991) .................................................................................... 3

*Lony v. E.I. DuPont de Nemours & Co.,*
  886 F.2d 628 (3d Cir. 1989) .................................................................................... 3

*Lynch v. Hilton Worldwide, Inc.,*
  No. 11-1362, 2011 WL 5240730 (D.N.J. Oct. 31, 2011) ............................... *passim*

*Niv v. Hilton Hotels Corp.,*
  710 F. Supp. 2d 328 (S.D.N.Y. 2008) ................................................................... 12

*Piper Aircraft, Co. v. Reyno,*
  454 U.S. 235 (1982) ................................................................................................ 3

*Princeton Football Partners LLC v. Football Ass'n of Ireland,*
  No. 11-5227, 2012 WL 2995199 (D.N.J. July 23, 2012) ...................................... 12

*Rudisill v. Sheraton Copenhagen Corp.,*
  817 F. Supp. 443 (D. Del. 1993) ..................................................................... *passim*

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,*
  549 U.S. 422 (2007) ................................................................................................ 6

*Tech Dev. Co. v. Onischenko,*
  174 Fed. Appx. 117 (3d Cir. 2006) ......................................................................... 3

ii

*Tradimpex Egypt Co. v. Biomune Co.,*
    777 F. Supp. 2d 802 (D. Del. 2011)............................................................................5

*Travelers Indem. Co. v. Lake,*
    594 A.2d 38 (Del. 1991) ........................................................................................13

*Windt v. Qwest Communications, Intern., Inc.,*
    529 F.3d 183 (3d Cir. 2008)........................................................................ *passim*

**Other Authorities**

Restatement (Second) of Conflict of Laws, § 146 ........................................................13

## I.     NATURE AND STAGE OF PROCEEDINGS

This is a premises liability/negligence claim arising from an alleged slip and fall at the

Hurghada Marriott Beach Resort (the "Hotel") located in Hurghada, Egypt on July 19, 2013.

Plaintiff's Complaint was filed on July 20, 2015.  Defendants Marriott Hurghada Management,

Inc. and Marriott International, Inc. ("Defendants") were served on August 6, 2015.  By

Stipulation of the parties, as approved by the Court, Defendants have up to and including

September 16, 2015 to answer, move, or otherwise respond to Plaintiff's Complaint.  To date, no

discovery has taken place.  Defendants hereby file this Motion to Dismiss pursuant to the

doctrine of *forum non conveniens*.

## II.    SUMMARY OF ARGUMENT

Plaintiff's Complaint should be dismissed pursuant to the doctrine of *forum non*

*conveniens* in favor of a more convenient forum in Egypt for the following reasons:

1.     Egypt is an alternative and adequate forum as confirmed by Egyptian counsel.

2.     Plaintiff's choice of forum is entitled to little deference because he is not a United

States citizen, and the incident occurred in Egypt.

3.     This action has no material connection to Delaware.

4.     Access to sources of proof, including the key witnesses and documents relating to

the incident and maintenance of the subject area, are located in Egypt.

5.     The compulsory process for attendance of unwilling witnesses is unavailable as

they reside more than 100 miles from the District of Delaware, and the cost of obtaining the

attendance of willing witnesses poses a significant burden on Defendants.

6.     Viewing the premises is important for both the fact finder and experts, which

would have to occur in Egypt.

7.      Given the above issues, trial of this case would be easier, more expeditious, and less expensive in Egypt than in Delaware.

8.      Any addition to this Court's docket with a case that has absolutely no connection to Delaware presents an administrative difficulty.

9.      There is an interest in having this case heard in Egypt as it implicates the safety of a facility in Egypt, not the United States, and it does not implicate any United States citizen.

10.     Egyptian law will apply in this matter, with which this Court has no particular familiarity. The parties will have to employ experts on Egyptian law to guide them in this matter, adding to the expense of litigating this case and causing unnecessary problems.

11.     It would be unfair to burden citizens of Delaware to serve on jury duty for a case which has absolutely no connection to this state.

## III.    CONCISE STATEMENT OF FACTS

This case arises out of a slip and fall at the Hurghada Marriott Beach Resort located at El Corniche Road, P.O. Box 38, Hurghada 12654 Egypt. *See* D.I. 1, Complaint, at ¶ 9. Plaintiff alleges that he checked into the Hotel on July 19, 2013. *Id.* at ¶ 10. Plaintiff further alleges he was walking across the pool deck "when he fell on a slippery, cracked and broken surface area." *Id.* at ¶ 13. Plaintiff alleges he suffered a left arm and shoulder injury, requiring surgery while still in Egypt. *Id.* at ¶¶ 15-19.

Plaintiff, who is "domiciled in London, England and a subject of the United Kingdom," *id.* at ¶ 3, filed his Complaint in this Court on July 20, 2015. Plaintiff asserts ten causes of action for allegedly negligently failing to maintain and repair dangerous conditions; negligently failing to warn of dangerous conditions; negligently failing to render aid and protect guest; negligent training and supervision of employees; "joint venture"; and "vicarious liability." *See generally*

2

*id.*, Complaint.  There is no dispute that all material connections to this case arose or occurred in Egypt.

## IV.   ARGUMENT

The *forum non conveniens* doctrine mandates that this action be dismissed in favor of a more convenient forum.  Egypt is clearly the more convenient forum for adjudication of this matter.  It is well established that the decision to dismiss a case on *forum non conveniens* grounds lies within the discretion of the District Court.  *Piper Aircraft, Co. v. Reyno*, 454 U.S. 235, 257 (1982).  "When an alternative forum has jurisdiction to hear the case, and when trial in the plaintiff's chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or when the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems," the Court may dismiss the case pursuant to *forum non conveniens*.  *Windt v. Qwest Communications, Intern., Inc.*, 529 F.3d 183, 189 (3d Cir. 2008) (internal quotation marks omitted).

The Court must address the following issues: (i) the availability of an alternative forum; (ii) the amount of deference to be given to a plaintiff's choice of forum; and (iii) private and public interest factors.  *Lony v. E.I. DuPont de Nemours & Co.*, 886 F.2d 628, 633 (3d Cir. 1989); *see also Tech Dev. Co. v. Onischenko*, 174 Fed. Appx. 117, 119-20 (3d Cir. 2006).  The private and public interest factors guide the Court in its "determination of oppressiveness and vexation."  *Windt*, 529 F.3d at 189.  The Court's responsibility to balance the parties' competing interests should be "essentially qualitative, not quantitative."  *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 182 (3d Cir. 1991).  Indeed, the determination of whether to dismiss an action based on the foregoing factors is a flexible inquiry in which each case turns on its own facts.  *Piper Aircraft, Co.*, 454 U.S. at 249-50.  The doctrine of *forum non conveniens* allows a district court

3

to "resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." *Windt*, 529 F.3d at 189.

District Courts in the Third Circuit have heard cases involving a plaintiff allegedly injured at a foreign hotel and dismissed them pursuant to *forum non conveniens. See, e.g., Doe v. Ritz Carlton Hotel Co., LLC*, No. 14-4423, 2015 WL 221106 (E.D. Pa. Jan. 14, 2015) (granting *forum non conveniens* in favor of Cayman Islands forum); *Lynch v. Hilton Worldwide, Inc.*, No. 11-1362, 2011 WL 5240730 (D.N.J. Oct. 31, 2011) (granting *forum non conveniens* in favor of United Kingdom forum); *Colantonio v. Hilton Int'l Co.*, No. 03-1833, 2004 WL 1810291 (E.D. Pa. Aug. 13, 2004) (granting *forum non conveniens* in favor of Italian forum). Similar to these cases, and as explained more fully below, the balance of the conveniences and all competing interests favors dismissal of this action in favor of a more convenient Egyptian forum.

### A.    There is an Adequate Alternative Forum

Egypt is an adequate alternative forum which is available to Plaintiff to bring his claims against Defendants. "The Supreme Court has noted that this requirement is usually satisfied where the defendant is amenable to process in the other jurisdiction." *Brunswick GmbH v. Bowling Switzerland, Inc.*, No. 07-471 JJF, 2008 WL 2795936, at *2 (D. Del. July 18, 2008) (internal quotation marks omitted). Moreover, "a defendant moving for dismissal pursuant to the doctrine of forum non conveniens can 'explicitly concede[] that it is subject to the jurisdiction of [the foreign] courts or waive any jurisdictional or other legal obstructions that may impede plaintiffs' case there." *Lynch*, 2011 WL 5240730, at *2.

Here, Egypt is an available adequate forum. First, Defendants will accept service of a complaint filed in Egypt and will consent to the court's jurisdiction in Egypt. In support of this Motion, Defendants submit the Affidavit of Tarek Ahmed Roushdy Ezzo, the Managing Partner

4

of Ezzo Advocates in Egypt.  *See* Exhibit A, Ezzo Affidavit, at ¶ 2.  Mr. Ezzo provided the

following opinions with respect to this matter:

- Plaintiff will not be prejudiced from bringing a claim against the Hotel merely because he is a foreigner to Egypt;
- "Egyptian law does not differentiate between Egyptians and foreigners in protecting their personal rights";
- Egyptian Civil Law "recognizes Plaintiff's claims against the Hotel"; and
- "The Statute of Limitations for Plaintiff's claims for injuries is three years from the day the Plaintiff is aware of the damage and the person responsible therefor."

*See id.* at ¶¶ 7, 8, 17, 18.

Here, Egypt is an adequate alternative forum.  Defendants agree to submit to the court's

jurisdiction in Egypt and waive any jurisdictional defenses.  Moreover, as sworn to by Mr. Ezzo,

Egyptian courts are well-equipped to handle this premises-liability type claim.  As they are

obligated to do, Defendants acknowledge that one court in this District was "unwilling to

assume" the adequacy of Egypt; however that was the result of certain revolutionary events that

took place in Egypt in 2011.  *See Tradimpex Egypt Co. v. Biomune Co.*, 777 F. Supp. 2d 802,

807 (D. Del. 2011).  Mr. Ezzo addressed this as well:

> I believe that there are no circumstances of any kind in Egypt which would prevent Courts['] system from being fully operational.  The only circumstances during the last five years which may have affected the Courts' system from being fully operational are those which accompanied the revolutionary events of 2011.  These events may have interrupted the Courts' system from working normally or being fully operational for a period about from four to five months starting 28th January 2011. However, after that period and ever since the Courts are working regularly, normally and are fully operational. . . .  While the above interruption may have prevented Courts from working normally, or being fully operational for some time as was explained above, such interruption did not have any influence or affect the rights of litigants when Courts resumed working regularly and normally.

*See* Exhibit A, Ezzo Affidavit, at ¶¶ 19-20.

Because Egypt recognizes Plaintiff's cause of action, Defendants agree to submit to the jurisdiction of the Egyptian courts, and Plaintiff's claims are still viable under Egypt's statute of limitations, Egypt is an adequate alternative forum for Plaintiff's claims. *See Rudisill v. Sheraton Copenhagen Corp.*, 817 F. Supp. 443, 446 (D. Del. 1993) (finding defendant-hotel "demonstrated that Denmark offers an adequate alternative forum" because Danish law recognized a negligence claim, the plaintiffs would not be barred from bringing a claim due to their U.S. citizenship, the statute of limitations had not expired, and the defendant was "amenable to process in Denmark").

### B.   Plaintiff's Choice of Forum is Entitled to Little Deference

Plaintiff's choice of form is entitled little, if any, deference, which is strongly outweighed by the remaining factors analyzed in this Memorandum of Law. "When a plaintiff is foreign . . . the choice of a United States forum 'deserves less deference.'" *Kisano Trade & Invest. Ltd. V. Lemster*, 737 F.3d 869, 874 (3d Cir. 2013); *see also Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) ("When the plaintiff's choice is not its home forum, . . . the presumption in the plaintiff's favor applies with less force, for the assumption that the chosen forum is appropriate is in such cases less reasonable.") (internal quotation marks omitted); *Windt*, 529 F.3d at 190 ("Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference."). The reduced deference is particularly true where, as here, the "operative facts giving rise to the action occurred outside of" Plaintiff's choice of forum. *See, e.g., Lynch*, 2011 WL 5240730, at *3.

Here, Plaintiff is "domiciled in London, England and a subject of the United Kingdom." *See* D.I. 1, Complaint, at ¶ 3. The incident occurred in Egypt, not Delaware. *Id.* at ¶¶ 9-15.

Thus, given that Plaintiff is not a resident of the United States, and the incident did not occur in Delaware, let alone the United States, his choice of forum is entitled to little, if any, deference.

### C.    The Private and Public Factors Heavily Weigh in Favor of Dismissing This Action in Favor of Egypt

As discussed above, Egypt provides an adequate alternative forum, and Plaintiff's choice of forum is entitled to little, if any, deference because the events occurred in Egypt, and Plaintiff is not a resident of the United States.  In light of the private and public interest factors discussed below—which unequivocally show Egypt to be a more convenient forum—this matter should be dismissed.

### 1.    Private Interest Factors Favor Dismissal

The private interest factors warrant dismissing this matter in favor of an Egyptian forum. The private interest factors relevant to a motion to dismiss on *forum non conveniens* grounds include:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Windt v. Qwest Communs, Int'l, Inc.*, 529 F.3d 183, 189 (3d Cir. 2008).  As explained below, each of the private interest factors clearly weighs in favor of dismissing this action in favor of proceeding in Egypt.

### a.    Ease of Access to Sources of Proof are in Egypt

The key sources of proof are located in Egypt, thus favoring dismissal of this action. Nearly identical to the instant case is *Rudisill v. Sheraton Copenhagen Corp.*  There, the plaintiff, a citizen of California, was allegedly injured while showering at the Sheraton Copenhagen hotel.  817 F. Supp. at 444.  She brought her claim in Delaware because the

defendant, Sheraton Copenhagen Corporation, was a Delaware corporation. *Id.* In analyzing this factor, the court found "'the relative ease of access to the sources of proof' points decidedly in favor of dismissal for ***forum non conveniens***." *Id.* at 447 (emphasis in original). In so holding, the court explained

> Virtually all of the evidence necessary for the prosecution of this case is located in Copenhagen, Denmark. The architect who designed the shower facilities in which Mrs. Rudisill allegedly slipped and fell resides in Denmark. Similarly, the attending physician who performed surgery on Mrs. Rudisill to set her broken leg, and the Sheraton Copenhagen employees who assisted Mrs. Rudisill after her injury, all reside in Denmark. Also, all documentary evidence concerning: (1) the design of the shower facilities; (2) the surgery undergone by Mrs. Rudisill; and (3) the Rudisills' stay in Shertaon Copenhagen's hotel, is located in Denmark.

*Id.* Other courts in this Circuit make similar conclusions. *See, e.g., Lynch*, 2011 WL 5240730, at *4-5 (finding this factor "weighs strongly in favor of dismissal" because, *inter alia*, the "operative facts" regarding the incident were in the United Kingdom, the plaintiff was injured in London, and the "books and records relating to any knowledge of prior accidents and remedial measures" were located in the United Kingdom).

Here, too, the sources of proof are located in Egypt, not in Delaware. The sources of proof consist of potential eyewitnesses to the incident, employees and managers of the Hotel, maintenance persons and third-parties potentially responsible for the purported defect, and any records and books relating to maintenance and previous incidents at the foreign location. Moreover, sources of proof as to Plaintiff's surgery are located in Egypt, which includes emergency room records as well records from the surgeon and other treating doctors. With the exception of Plaintiff, who is a resident of London, England, all material sources of proof in this case—documentation, physical evidence, and key witnesses—are located in Egypt. Because the

relevant persons and documentary evidence are located in Egypt, it is the more convenient forum

for this action, and this factor strongly weighs in favor of dismissal.

> **b.      Compulsory Process for Attendance of Unwilling, and the Cost
> of Obtaining Attendance of Willing, Witnesses**

The majority of witnesses, both quantitative and qualitative, reside in Egypt, thus making

it the more convenient forum for this litigation.  The court's reasoning in *Rudisill* is instructive.

First, the court acknowledged that "nearly all of the witnesses reside in Denmark," except for the

plaintiffs, their family, and one treating physician, and the court "could not compel the

attendance of the Danish witnesses to testify before this Court should this action proceed."  817

F. Supp. at 447.  Second, the court explained that even assuming, *arguendo*, witnesses were

willing to travel from Europe, "the cost to both the plaintiffs and the defendant of supplying

those witnesses with transportation and lodging would be extremely expensive."  *Id.*  Third, the

court recognized the need for expert testimony regarding "safety standards for the design and

construction of hotel shower facilities in Denmark" and the associated burden of transporting

those experts (who would likely reside in Denmark) to Delaware.  *Id.*  Thus, "because

compulsory process would be unavailable to compel the testimony of unwilling Danish witnesses

before this Court, and because the cost of obtaining the attendance of the willing Danish

witnesses to testify before this Court would be exorbitant, these factors also point decidedly

toward dismissal for *forum non conveniens*."  *Id.* (emphasis in original).

The same rationale applies in this matter.  Most material witnesses, with the exception of

Plaintiff, reside in Egypt.  This includes, but is not limited to, the Hotel staff, security, Hotel

supervisors, any maintenance persons in charge of the area in which the incident occurred,

witnesses and potential third parties who maintained the area in which the incident occurred.

Moreover, Defendants may be required to hire an expert who has specific knowledge and

expertise of the design and maintenance standards of a pool area applicable in Egypt.  This

expert will undoubtedly reside in Egypt.  Furthermore, Plaintiff alleges he underwent surgery in Egypt, thus the immediate treating physicians and surgeons are also located there.  To the contrary, there are no medical or liability witnesses who reside in Delaware, let alone the United States.  Plaintiff is a resident of London, England, so he and his treating physicians are located there.  No witnesses, damages or liability, will benefit by having this matter litigated in Delaware.

The cost and burden of bringing all of these material witnesses to Delaware (if even permissible) for depositions and trial would be overwhelming and unduly burdensome when there is no connection to Delaware.  In light of these significant expenses and logistical burdens, this factor weighs heavily in favor of dismissal.

### c.      The Premises is Located in Egypt

Due to the fact that this is a negligence/premises liability matter, a view of the property on which the incident occurred would be relevant.  In *Lynch*, the District of New Jersey acknowledged that a "view and examination of the accident scene at the London Hotel would be appropriate" and "London is the only place where expert witnesses could inspect the allegedly negligent conditions." 2011 WL 5240730, at *5.  *See also Rudisill*, 817 F. Supp. at 447 (finding "possible need for a view of the site also points strongly in favor of dismissal" because "one of plaintiffs' theories of recovery is that [the hotel's] shower facilities were unreasonably dangerous" and "a view of the site by the fact finder may be desired by the parties or the trial court").  This factor, therefore, favors dismissal of this matter.

### d.      Practical Problems That Make Trial Easy, Expeditious, and Inexpensive

Litigating this case in Egypt would be the most efficient method of resolving this matter. First, the language barrier for many of the Egyptian witnesses—even if they could be compelled to appear in the United States for a trial—would present practical problems because the parties

10

would need to hire a translator for any Arabic-speaking witnesses. This would merely result in additional cost and expense to Defendants. Moreover, as noted above, there are no witnesses in Delaware who have any knowledge of the incident giving rise to this litigation. All relevant witnesses reside in Egypt. The cost of traveling and lodging these witnesses in Delaware, if they were in fact able to travel here for the trial, would significantly add to Defendants' litigation costs. Neither of these issues would be present if this matter was litigated in Egypt. Further, Defendants may need to bring third-party claims for contribution and/or indemnity against any entities who may have been responsible for the pool area in which the incident occurred. In *Colantonio*, the court recognized the Third Circuit's instruction that "a court should not 'minimize the importance of getting all concerned parties under one judicial roof.'" 2004 WL 1810291, at *8. Here, there is a single judicial roof—Egypt—which will permit litigation against all potential parties. Thus, this factor weighs in favor of dismissing this action.

### 2.   Public Interest Factors Favor Dismissal

The public interest factors also warrant dismissing this matter in favor of litigation in Egypt. The public interest factors relevant to a motion to dismiss on *forum non conveniens* grounds include:

> administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in "having the trial of a diversity case in a forum that is at home with the state law that must govern the case"; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Windt*, 529 F.3d at 189. As set forth below, each of the public interest factors clearly weighs in favor of dismissing this action in favor of proceeding in Egypt.

### a.      Administrative Difficulties from Court Congestion

Litigating this case in Delaware would present administrative inconvenience and difficulties that are entirely unnecessary given the lack of connection this case has to Delaware. An extraordinary amount of the Court's resources will likely have to be devoted to this matter given that, as discussed below, the Court will likely have to interpret and apply Egyptian law. Moreover, there is a possibility that some of the witnesses are not fluent in English, thus requiring an Arabic interpreter. Without any connection between this case and Delaware, however, there is no reason to allocate this Court's limited resources to these potentially burdensome tasks. Because the majority of witnesses, documents, and sources of proof are in Egypt, and, in fact, none of the witnesses, documents, and sources of proof are located in Delaware, this factor weighs in favor of proceeding in Egypt given that any impact on this Court's docket would be an inconvenience. *See Princeton Football Partners LLC v. Football Ass'n of Ireland*, No. 11-5227, 2012 WL 2995199, at *9 (D.N.J. July 23, 2012).

### b.      Local Interest in Having Localized Controversies Decided at Home

Both the courts and citizens of Egypt have a significant local interest in having a controversy that allegedly occurred at a Hotel in Egypt decided in Egypt. This case centers on the safety of a Hotel located in Egypt. There is no local interest in protecting the rights of a United Kingdom citizen who was allegedly injured at a Hotel in Egypt. Plaintiff's claims have nothing to do with Defendants' status as businesses incorporated in Delaware. Indeed, "[w]hile the United States has an interest in the actions of corporations created under its laws, this interest is much less significant than a country's interest in adjudicating the cases that directly impact that country's citizens." *Niv v. Hilton Hotels Corp.*, 710 F. Supp. 2d 328, 345 (S.D.N.Y. 2008) (finding this factor weighed in favor of dismissing matter in favor of Egypt or Israel). A foreign jurisdiction has a "stronger interest in hearing this dispute" when the "heart of this action is the

safety of a facility" in the foreign jurisdiction. *Lynch*, 2011 WL 5240730, at *6. The "heart" of Plaintiff's claims relate to purported defective conditions at a Hotel in Egypt. Egypt by far has a higher interest in ensuring the safety of its facilities and the protection of its reputations and of those who visit the Hotel while in Egypt. Thus, this factor weighs heavily in favor of dismissing this action in favor of an Egyptian forum.

### c.   Foreign Law May Be Applied

The application of Egyptian law in this matter weighs heavily in favor of dismissal in favor of an Egyptian forum. In *Rudisill*, the court acknowledged "[l]itigation of this case in Delaware would require this Court to apply Danish law, which would pose a substantial, if not insurmountable, burden to the prompt resolution of this case." 817 F. Supp. 447-48. Moreover, as explained by *Rudisill*, "District courts often encounter tremendous difficulty in applying the various laws of the several states when sitting in diversity. In the present case, the language barrier could further compound these difficulties." *Id.* at 448.

Here, Egyptian law would apply in this matter[1]—a law with which this Court does not have any specific familiarity or expertise. Application of Egyptian law would require the retention of experts in Egyptian law to advise the Court and parties of Egyptian negligence law,

---

[1]Delaware's conflict of law analysis concludes that Egyptian law would apply. Delaware follows the "most significant relationship test," including Sections 6, 145, and 146 of the Restatement (Second) of Conflicts. *See Travelers Indem. Co. v. Lake*, 594 A.2d 38, 47 (Del. 1991). Under § 146, "*[i]n an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.*" *See* Restatement (Second) of Conflict of Laws, § 146. The Delaware Supreme Court has confirmed this. *See Bell Helicopter v. Textron, Inc. v. Artega*, 113 A.3d 1045, 1053 (Del. 2015) ("§ 146 provides that there is a rebuttable presumption that the law of the place where the injury occurred should govern related personal injury litigation"). Indeed, "*Section 146 specifically directs the court to apply the law of the state where the injury occurred in a 'personal injury case' unless the forum state has more 'significant relationship' under Section Six principles to the 'occurrence and the parties.'*" *Travelers Indem. Co.*, 594 A.2d at 47. Here, Egyptian law will apply unless Delaware has some overriding "significant relationship" to this dispute. As noted above, Delaware has no interest in the dispute as the incident did not occur here, and Plaintiff is a resident of England. *See Rudisill*, 817 F. Supp. at 448 n.7 (finding the "most significant relationship test" led to application of Danish law "because both the injury and the allegedly tortious conduct occurred in Denmark").

13

as well as provide interpretation services as to various legal issues.  Moreover, as noted in Mr. Ezzo's Affidavit, Egypt is based on civil law as opposed to the common law in the United States. *See generally* Exhibit A, Ezzo Affidavit.  Endeavoring to interpret Egyptian law is unnecessary, particularly because of the lack of any connection this matter has to Delaware.  As a result, Egyptian courts should hear this matter and interpret its own law rather than burden this Court with the task.  *See Rudisill*, 817 F. Supp. at 448 ("Quite simply, it would be more expedient for the Danish Courts to apply their own law than for this Court to hazard that task.").

### d.      Litigating in Delaware Would Be Unfair to its Citizens

"[W]ithout a dispute local to the community of [the forum], there is little public interest in subjecting that community to the burdens of jury service." *Windt*, 529 F.3d at 193.  Indeed, "the burdens of jury service on the local community in resolving this non-local dispute" weighs in favor of dismissing a complaint. *Id.*

Here, a Delaware jury lacks any material connection to the issues underlying this matter. Delaware residents are not directly impacted by the operations and safety of a Hotel in Egypt or the protection of Plaintiff who is domiciled in London, England.  To the contrary, Egypt is directly impacted by the safety of facilities in its country.  A Delaware jury should not be burdened with jury duty on a solely foreign dispute.  This factor, therefore, weighs in favor of dismissing this matter.

14

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their

Motion, enter the attached Order, and dismiss Plaintiff's Complaint, with prejudice.

Respectfully Submitted,

COZEN O'CONNOR

By: _____
Joseph J. Bellew (#4816)
1201 North Market Street
Suite 1001
Wilmington, DE 19801
302-295-2025
jbellew@cozen.com
***Attorneys for Defendants***

15