IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GUY WILMOT,

                Plaintiff;

v.

MARRIOTT HURGHADA MANAGEMENT, INC. and MARRIOTT INTERNATIONAL, INC.,

                Defendants.

Civil Action No. 15-618-RGA-MPT

**MEMORANDUM ORDER**

The Magistrate Judge filed a Report and Recommendation recommending that Defendants' motion to dismiss be granted. (D.I. 29). Plaintiff has filed objections, to which Defendants have responded. (D.I. 31, 33). I review the Magistrate Judge's legal conclusions *de novo*. 28 U.S.C. § 636(b)(1)(C).

In assessing a motion to dismiss based on *forum non conveniens*, "a district court must first determine whether an adequate alternative forum can entertain the case," and if so, "the district court must then determine the appropriate amount of deference to be given the plaintiff's choice of forum." *Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 189-90 (3d Cir. 2008). The district court must then "balance the relevant public and private interest factors." *Id.* at 190.[1]

---

[1] The private interest factors include: "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises . . .; and all other practical problems that make a trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947), *superseded in part by statute*, 28 U.S.C. § 1404. The public interest factors include:
> the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

1

If the "plaintiffs' chosen forum would 'establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience,' or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems,' the court may, in the exercise of its sound discretion, dismiss the case." *Id.* at 189 (alteration and omission in original) (quoting *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)). "[T]he defendant bears the burden of persuasion as to all elements of the forum non conveniens analysis." *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 180 (3d Cir. 1991) (citations omitted).

Defendants have identified Egypt as an alternate forum. Generally speaking, a forum is an adequate alternative if "the defendant is amenable to process in the other jurisdiction," and "the subject matter of the suit is . . . cognizable in the alternative forum." *Lacey*, 932 F.2d at 180 (quotation marks omitted). Since Defendants have represented that they "will accept service of a complaint filed in Egypt and will consent to the court's jurisdiction in Egypt," they are considered amenable to process. (D.I. 8 at 8).

Plaintiff argues that, because Defendants have failed to show that "an Egyptian court would specifically hear claims sounding in joint venture and vicarious liability," Egypt is an inadequate alternative. (D.I. 31 at p. 6). "The availability of an adequate alternative forum does not depend on the existence of the identical cause of action in the other forum." *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 74 (2d Cir. 1998). Instead, a forum is inadequate in those "rare circumstances . . . where the remedy offered by the other forum is clearly unsatisfactory." *Piper Aircraft*, 454 U.S. at 254 n.22. Here, Defendant's expert on Egyptian law, Mr. Ezzo, reviewed Plaintiff's complaint. (D.I. 8, Ex. A ¶¶ 4-5). He states in his affidavit that Egyptian civil law "recognizes Plaintiff's claims against the hotel," such that Plaintiff could

---

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (quotation marks omitted).

2

"bring[] an action against the Hotel before Egyptian Courts claiming compensation for the injuries and/or damages he is alleging to have suffered during his stay." (*Id.* ¶¶ 7, 17). It appears that, since Plaintiff's claim would be subject to a three year statute of limitations period in Egypt, Plaintiff's claim would be timely if filed before July 19, 2016. (*Id.* ¶ 18). Since Egypt recognizes the subject matter of Plaintiff's action, I cannot conclude that the remedy offered is "clearly unsatisfactory."

Plaintiff also argues that Egypt is inadequate because it is unsafe. Specifically, Plaintiff references the presence of the Islamic State in the Sinai Peninsula and the destruction of a Metrojet airliner which departed from Sharm el-Sheikh on October 31, 2015. Plaintiff contends that because his witnesses are "Westerners [who] also happen to be Christians from a country allied with the United States in a war on terrorism . . . ., Plaintiff and the witnesses are . . . targets of violence." (D.I. 31 at p. 4). "A litigant asserting inadequacy . . . must make a powerful showing." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1179 (9th Cir. 2006). General assertions about potential violence and political unrest within a region typically do not suffice to show that an alternative forum is inadequate. *Compare Iragorri v. Int'l Elevator, Inc.*, 203 F.3d 8, 13 (1st Cir. 2000) (although Plaintiff and her family feared for "their personal safety" in Colombia, where the State Department had advised against unnecessary travel, the court affirmed the district court's conclusion that there was "no particularized evidence that travel to Colombia would imperil the Iragorris."); *BFI Grp. Divino Corp. v. JSC Russian Aluminum*, 481 F. Supp. 2d 274, 284 (S.D.N.Y. 2007) (Nigeria found adequate despite "generalized statements regarding instability in the region"); *Shields v. Mi Ryung Constr. Co.*, 508 F. Supp. 891, 896-97 (S.D.N.Y. 1981) (Saudi Arabian forum found adequate despite plaintiff's assertions that his personal safety would be in jeopardy) *with Rasoulzadeh v. Associated Press*, 574 F. Supp. 854

3

(S.D.N.Y. 1983) (forum inadequate where plaintiff would be executed if he attempted to litigate the case in Iran), *aff'd without opinion*, 767 F.2d 908 (2d Cir. 1985); *HSBC USA, Inc. v. Prosegur Para., S.A.*, 2004 WL 2210283, at *3 (S.D.N.Y. Sept. 30, 2004) (forum inadequate where Plaintiff presented "ample evidence" of "violence . . . directed at individual witnesses" in Paraguay). Plaintiff has submitted affidavits from thirteen individuals who claim to have personal knowledge of the July 2013 incident. (D.I. 18, Tabs 5-17). These individuals, all of whom are citizens of the United Kingdom, state that while they would testify in Delaware, they are unwilling to testify in Egypt. (*Id.*).[2] While the United States is clearly the forum in which the Plaintiff would prefer to litigate and the witnesses would prefer to appear, that is not the issue presented by this *forum non conveniens* motion. Beyond general assertions about potentially dangerous conditions in parts of Egypt, Plaintiff has failed to advance any evidence which would show that litigation in Egypt would be so dangerous and inadequate as to provide "no remedy at all." *Piper Aircraft*, 454 U.S. at 254; *see also Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1226-27 (9th Cir. 2011). While Plaintiff may not consider Egypt an ideal forum, I cannot conclude that it is inadequate.

While "[a] defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum," that presumption "applies with less force" "[w]hen the plaintiff's choice is not its home forum." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (quotation marks omitted). Here, Plaintiff is a citizen of the United Kingdom. There is no "evidence of convenience" which could "overcome any reason to refrain

---

[2] For instance, Mr. Taylor states that he "would be concerned about testifying in a case that in any way might impact the financial coffers of . . . [the] high ranking member[s] of the Egyptian military," who—according to Mr. Taylor—own "many of the properties in Egypt." (D.I. 18, Tab 5 ¶ 26). Mr. Taylor also expressed his "concerns with the ISIL terrorist group." (*Id.* ¶ 24). Mses. Smith, Beck, Wilmot, Paes, and Gillespie all state that, because they are women who would be traveling to a "Muslim country," their personal safety, "if not [their] li[ves], would be at risk." (D.I. 18, Tabs 10, 14-17).

4

from extending full deference to the foreign plaintiff's choice." *Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 634 (3d Cir. 1989). The alleged injury occurred in Egypt at an Egyptian hotel, in the presence of witnesses from the United Kingdom and Egypt. Plaintiff's injuries were treated by an Egyptian doctor. Aside from Defendants' incorporation in Delaware, this lawsuit has almost no "bona fide connection to the United States and to the forum of choice." *Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869, 876 (3d Cir. 2013) (quoting *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (footnote omitted)). Therefore, Plaintiff's forum choice should be accorded significantly less deference.

The Magistrate Judge conducted an analysis of the various public and private interest factors. In summary, "[n]one of the relevant events occurred in Delaware or even in the United States." (D.I. 29 at p. 12). All of Plaintiff's "treating physicians, physical therapists, lay witnesses, and any records generated from his medical care . . . are almost entirely located in the United Kingdom." (*Id.*).[3] Additionally, "Marriott Resort managers and employees, any books and records relating to maintenance and any previous incidents, as well as the doctors who performed the initial surgery on Wilmot and any emergency room records are located in Egypt." (*Id.*). Plaintiff has expressed his intent to call Marriott executives, who are located in or around Delaware. (D.I. 17 at p. 15). Since these witnesses likely possess little—if any—knowledge about a slip and fall in Egypt, however, they are of minimal relevance to this dispute. (D.I. 33 at pp. 2-3; D.I. 29 at pp. 12-13). The site of the accident is also in Egypt. (D.I. 29 at p. 12). As for the public factors, "[t]his litigation bears no connection to the United States or this court other than [D]efendants are Delaware corporations." (*Id.* at p. 13). Further, "[g]iven that no [percipient] witnesses reside in the United States, no evidence is located in the United States, and

---

[3] Plaintiff has twenty-nine United Kingdom witnesses with relevant information. (D.I. 18, Tab 4 ¶ 17).

5

the scene of the incident is in Egypt, the other factors weigh heavily in favor of dismissal." (*Id.*).

Defendants have "show[n] that the balance of public and private factors 'tips decidedly in favor of trial in [Egypt].'" *Kisano*, 737 F.3d at 877 (quoting *Lacey*, 932 F.2d at 180); *see also Koster*, 330 U.S. at 524. I therefore conclude that a dismissal based on *forum non conveniens* is warranted.

The Court notes that Defendants have also agreed to litigate in the United Kingdom, should Plaintiff be unwilling to file an action in Egypt. Specifically, Defendants have "concede[d] that [they are] subject to the jurisdiction of [the United Kingdom] courts [and] . . . would waive any jurisdictional or other legal obstructions that may impede plaintiffs' case there." *D'Elia v. Grand Caribbean Co.*, 2010 WL 1372027, at *7 (D.N.J. Mar. 30, 2010); (D.I. 33 at p. 8).[4] As for whether this action would be cognizable in the United Kingdom, this is a negligence case. (D.I. 1). "Based on the facts alleged in the [c]omplaint, [Plaintiff] could bring suit for negligence tort liability as well as statutory liability under the [Occupiers' Liability Act 1957, 5 & 6 Eliz. 2, c. 31] in the United Kingdom." *Lynch v. Hilton Worldwide, Inc.*, 2011 WL 5240730, at *2 (D.N.J. Oct. 31, 2011); *see also* Murdock v. Scarisbrick Group Limited, [2011] EWHC 220 (QB). In the United Kingdom, a three year limitations period applies to personal injury actions. Limitation Act 1980, c. 58; *see also Lynch*, 2011 WL 5240730, at *3 n.3. While it appears that this action would be timely if brought before July 19, 2016, Defendants have also agreed to "waive any statute of limitations defense as it relates to the filing of this claim in the

---

[4] Plaintiff contends that Defendants have failed to show that a court in the United Kingdom "would even accept jurisdiction of a case against two American corporate defendants involving an injury that occurred in Egypt." (D.I. 31 at p. 7). Since Defendants are not domiciled in a European Union Member State, I think that common law jurisdiction rules would apply, rather than the Brussels Regulation. Those common law rules provide that jurisdiction may be "founded as of right by service of proceedings on the defendant within the jurisdiction." Spiliada Maritime Corporation v. Cansulex Limited, [1986] UKHL 10. Defendants have agreed to submit to such service.

United Kingdom." (D.I. 33 at p. 8). It is unclear why Defendants have agreed to litigate in the United Kingdom, as any benefits of convenience would seem to inure to Plaintiff. Nevertheless, if Plaintiff prefers not to litigate this case in Egypt, Defendants have furnished Plaintiff with a convenient alternative.[5]

As for the other objections raised by Plaintiff, I do not think that the Magistrate Judge improperly placed the burden of persuasion on Plaintiff. I also do not think that the Magistrate Judge's analyses are factually unsupported.

Therefore, Plaintiff's objections (D.I. 31) are **OVERRULED**.

The Report and Recommendation (D.I. 29) is **ADOPTED**.

Defendants' motion to dismiss (D.I. 7) is **GRANTED**.

It is **SO ORDERED** this ___ day of June, 2016.

_____
United States District Judge

---

[5] I can understand why Plaintiff's objections to filing a lawsuit in Egypt led him to file the suit in Delaware. If he had filed suit in the United Kingdom first, he could reasonably have expected Defendants to seek dismissal of the lawsuit for lack of jurisdiction. Once that risk is removed, however, it is clear that the United Kingdom is overwhelmingly more convenient than the United States for Plaintiff and his witnesses.